**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| RUSSELL SVEHLA, | ) |
| | ) |
| Plaintiff, | ) Case No. 24-cv-50523 |
| | ) |
| v. | ) |
| | ) |
| ALLIED WASTE TRANSPORTATION, INC. | ) |
| d/b/a ALLIED WASTE SERVICES OF | ) |
| JOLIET / REPUBLIC SERVICES OF JOLIET, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES Plaintiff, Russell Svehla, by and through his counsel, Jeffrey Law Office, LLC, and complains of Defendant Allied Waste Transportation, Inc. d/b/a Allied Waste Services of Joliet / Republic Services of Joliet, and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**JURISDICTION & VENUE**

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. Seq., and 28 U.S.C. § 1331. This Court has jurisdiction of the state law retaliatory discharge claim and the Illinois Whistleblower Act ("IWA") claim pursuant to 28 U.S.C. §1367 under the principles of supplemental jurisdiction, and such claims so relate to the federal claims as to form a part of the same case and controversy.

1

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant resides in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

## PARTIES

3. Plaintiff, RUSSELL SVEHLA ("Plaintiff"), was at all times relevant to this suit an adult, residing in St. John, Indiana. At all times relevant, Plaintiff was employed by Defendant in this District. Plaintiff was hired, employed, terminated, and harmed by Defendant in this District.

4. Defendant, ALLIED WASTE TRANSPORTATION, INC. d/b/a ALLIED WASTE SERVICES OF JOLIET / REPUBLIC SERVICES OF JOLIET ("Defendant") is a corporation duly organized and doing business in Illinois, located at 808 S. Joliet St., Joliet, IL 60436. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq.* Defendant hired, employed, terminated, and harmed Plaintiff in this District. Defendant employs at least 15 full-time employees and therefore is a covered employer under Title VII and the IWA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. On or about March 23, 2024, Plaintiff timely filed a Charge of Discrimination against Defendants alleging retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2024-05723.

6. On September 25, 2024, the EEOC issued Plaintiff a Notice of Right to Sue for EEOC Charge No. 440-2024-05723.

7. Therefore, Plaintiff's Complaint is filed in a timely manner; and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## <u>UNDERLYING FACTS COMMON TO ALL COUNTS</u>

8.      Plaintiff initially worked for Defendant from 1993 until 2001; then, Plaintiff was hired again by Defendant in 2011, and Plaintiff's employment with Defendant continued until his retaliatory termination on June 1, 2023.

9.      For all relevant times of this Complaint, Plaintiff was an Operations Manager for Defendant.

10.     Plaintiff sufficiently performed his job duties and responsibilities, within the reasonable expectation of Defendant.

11.     On or about March 27, 2023, Ryan Burch (General Manager) and Michelle Montgomery (HR Manager) asked Plaintiff if he was aware of any comingling of garbage with yard waste going on at this time, to which Plaintiff responded in the negative.

12.     During to environmental safety laws, policies, and procedures, Defendant prohibited the comingling of waste streams.

13.     Plaintiff then began being repeatedly harassed about the issue, which ultimately led to direct accusations against Plaintiff.

14.     As a result, on or about March 28, 2023, Plaintiff was suspended, pending an investigation, without any plausible evidence to support the same.

15.     Plaintiff was allowed to come back under duress, requiring him to sign a performance improvement plan. Plaintiff returned to work on April 3, 2023.

16.     Due to what I had endured and what my direct reports has experienced, I repeatedly requested assistance from HR to schedule a meeting with Defendant's Area President, Matt Healy, to address the hostile work environment.

17. Further, Plaintiff requested a transfer to a different division, and also requested a copy of his non-compete agreement from Michele Montgomery multiple times. Neither were provided.

18. Plaintiff, however, continued to request a meeting with Area President, Matt Healy, which was finally scheduled for June 1, 2024.

19. Coincidentally, however, Plaintiff was terminated on the day that he was to attend a meeting at the Area Office with Matt Healy, the Area President, literally only one hour before the scheduled meeting.

20. Thus, on June 1, 2024, Plaintiff was, in retaliatory fashion, wrongfully discharged by Defendant.

21. Because Plaintiff reported harassment and hostile work environment to HR and intended to report the same to Defendant's Area President, exercising a right and protected activity, he was subjected to retaliation, the termination of his employment.

## COUNT I – HOSTILE WORK ENVIRONMENT / RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq

22. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

23. It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, suspend or to discharge any individual, or otherwise to discriminate and/or retaliate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

24. Plaintiff engaged in a Title VII protected activity by reporting illegal acts by Defendant.

25. Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff; and then retaliated by terminating his employment after he report the illegal behavior to HR and attempted to escalate his reporting to the Area President of Defendant.

26. Defendant's decision to retaliate against Plaintiff was solely motivated by the fact that he reported harassment and hostile work environment.

27. Defendant would not have retaliated against Plaintiff had he not reported the illegal conditions. The retaliation against Plaintiff directly impacted his terms and conditions of employment with Defendant.

28. Defendant's retaliation against Plaintiff constitutes unlawful retaliation in direct violation of Title VII.

29. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, RUSSELL SVEHLA, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare, decree, and adjudge that Defendant violated Title VII;

B. Grant an injunction against Defendant from violating Title VII and to protect other employees from such violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

D. Order Defendant to pay the Plaintiff compensatory damages;

E.      Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F.      Award the Plaintiff his reasonable attorney's fees and costs; and

G.      Award such other and further relief as it is just and appropriate, including nominal damages.

## COUNT II – RETALIATORY DISCHARGE
### (STATE LAW)

30.     Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

31.     It is an unlawful employment practice for an employer to fail or refuse to hire, refuse to promote, suspend or to discharge any individual, or otherwise to discriminate and/or retaliate against any individual with respect to his compensation, terms, conditions, or privileges of employment, for engaging in a protected activity.

32.     Plaintiff reported illegal acts by Defendant.

33.     Defendant knowingly and intentionally engaged in harassment of Plaintiff by creating an intolerable, hostile work environment for Plaintiff; and then retaliated by terminating his employment after he reported the illegal behavior to HR and attempted to escalate his reporting to the Area President of Defendant.

34.     Defendant's decision to retaliate against Plaintiff was solely motivated by the fact that he reported harassment and hostile work environment.

35.     Defendant would not have retaliated against Plaintiff had he not reported the illegal conditions. The retaliation against Plaintiff directly impacted his terms and conditions of employment with Defendant.

36.     Defendant's retaliation against Plaintiff constitutes unlawful retaliation in direct violation of Illinois state law.

37. As a direct and proximate result of Defendant's unlawful and willful violations, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, damaged reputation, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, RUSSELL SVEHLA, respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

A. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

B. Order the Defendant to pay the Plaintiff compensatory damages;

C. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

D. Award the Plaintiff his reasonable attorney's fees and costs; and

E. Award such other and further relief as it is just and appropriate, including nominal damages.

### COUNT III – RETALIATION
### ILLINOIS WHISTLEBLOWER ACT, 740 ILCS 174/1 et seq.

38. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

39. Plaintiff was an employee of Defendant. During that time, he performed his job in a satisfactory manner, within legitimate expectations of Defendant.

40. "An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency if the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Illinois Whistleblower Act, 740 ILCS 174/1 et. seq.

41. "An employer may not retaliate against an employee who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Further, "[a]n employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." Id.

42. "An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation." Id.

43. Ultimately, in retaliation, Defendants harassed and ultimately terminated Plaintiff in violation of the Illinois Whistleblower Act.

44. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages, including but not limited to loss of wages, emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, RUSSELL SVEHLA, respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost and reinstating him to the position he previously held;

B. Order the Defendant to pay the Plaintiff compensatory damages;

C. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

D. Award the Plaintiff his reasonable attorney's fees and costs; and

E.      Award such other and further relief as it is just and appropriate, including nominal

damages.

Dated:  December 23, 2024

                                                          /s    *Antonio L. Jeffrey*
                                                          Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey (#6308345)
27475 Ferry Rd., Ste. 143
Warrenville, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffreylawoffice.com