**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| Russell Svehla | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-cv-13233 |
| | ) | |
| v. | ) | |
| | ) | |
| Allied Waste Transportation, Inc. d/b/a | ) | Judge John Robert Blakey |
| Allied Waste Services of Jolies / Republic | ) | |
| Services of Joliet, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's motion to dismiss, [24]. For the reasons explained below, the Court grants the motion.

## I.  Factual Background[1]

Plaintiff Russell Svehla worked for Defendant, a waste transportation company, as an Operations Manager. [23] ¶¶ 8, 9. Beginning on March 27, 2023, Defendant's General Manager and Human Resources ("HR") Manager began asking Plaintiff if he was aware of any comingling of garbage with yard waste—a prohibited act under environmental safety regulations—to which Plaintiff said he was not. *Id.* ¶¶ 11, 12. But Plaintiff says Defendant began "repeatedly" harassing him about the issue, culminating in "direct accusations against Plaintiff." *Id.* ¶ 13. Ultimately,

---

[1] This Court takes these facts from Plaintiff's Amended Complaint, [23], and accepts them as true for purposes of resolving the motion to dismiss. *See Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007).

Plaintiff was suspended on March 28, 2023, and was told to "keep quiet" about his suspension. *Id.* ¶¶ 14, 15. Upon Plaintiff's return to work on April 3, 2023, Plaintiff signed a performance improvement plan. *Id.* ¶ 16. Plaintiff says he made requests to meet with Defendant's Area President to discuss the alleged harassment by the General Manager and HR Manager, or to transfer to a different division, but these requests were denied. *Id.* ¶¶ 17, 18. Plaintiff finally scheduled a meeting with Defendant's Area President for June 1, 2023, but "coincidentally," on the same day he was to have the meeting, Plaintiff was terminated. *Id.* ¶ 21.

Plaintiff initially filed suit on December 23, 2024, [1], and Defendant filed a motion to dismiss [12]. Plaintiff then filed an amended complaint, [23], alleging retaliation under Title VII (Count I), retaliatory discharge under Illinois state law (Count II), and retaliation under the Illinois Whistleblower Act ("IWA") (Count III). Defendant moves to dismiss all claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* [24].

## II. Applicable Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide a "short and plain statement of the claim" showing that the pleader merits relief, Fed. R. Civ. P. 8(a)(2), so the defendant has "fair notice" of the claim "and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain "sufficient factual matter" to state a facially plausible claim to relief—one that "allows the court to draw the reasonable inference" that the defendant committed the alleged

misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Id.* In evaluating a complaint under Rule 12(b)(6), this Court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Id.* This Court does not, however, accept a complaint's legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## III.    Analysis

Defendant moves to dismiss all claims. The Court discusses each in turn.

### A. Title VII Retaliation and Jurisdiction

In response to Defendant's motion to dismiss Count I, Plaintiff "seeks leave of court to withdraw Count I." [31] at 1. Accordingly, the Court dismisses Count I.

Plaintiff also writes "supplemental jurisdiction would no longer apply" upon withdrawal of Count I, allowing him to "proceed in state court with the remaining state claims." *Id.* Not so. This Court still maintains diversity jurisdiction over this matter under 28 U.S.C. § 1332. Here, Plaintiff is a citizen of Indiana, [23] ¶ 3, while Defendant is a citizen of Delaware and Arizona, [38] at 3, satisfying § 1332(a)'s diversity requirement. Additionally, the facts of the Amended Complaint satisfy the $75,000 amount in controversy threshold.[2] Plaintiff seeks monetary damages in the form of "back pay, front pay, wages, employee benefits, and other compensation that

---

[2] Where a plaintiff provides "little information about the value" of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). Courts may "properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

he was denied or lost." [23] ¶ 31. At the time of Plaintiff's termination on June 1, 2023, he earned approximately $101,000 per year. [38-2] ¶ 3. Since Plaintiff filed suit a year and six months later (December 23, 2024), the backpay issue alone easily exceeds the $75,000 amount in controversy threshold. Thus, the Court maintains jurisdiction, and it proceeds to address the remaining claims.

**B. Retaliatory Discharge**

To state a claim for retaliatory discharge under Illinois law, a plaintiff must allege that: (1) he was discharged; (2) in retaliation for his activities; and (3) the discharge violates a clear mandate of public policy. *Shamin v. Siemens Industry, Inc.*, 854 F. Supp. 2d 496, 509 (N.D. Ill. 2012). The "requirement that the discharge be in retaliation for plaintiff's activities requires that a plaintiff establish a causal relationship between the employee's activities and the discharge." *Michael v. Precision Alliance Group, LLC*, 21 N.E.3d 1183, 1188 (Ill. 2014). As to the third element here, Illinois courts permit retaliatory discharge claims, but only as to terminations in retaliation for filing claims under the Illinois Workers Compensation Act or in retaliation for whistleblowing. *Shamin*, 854 F. Supp. 2d at 510; *see also Julin v. Advanced Equities*, No. 13 C 9075, 2015 WL 1810329, at *4 (N.D. Ill. Apr. 17, 2015).

In this case, Plaintiff sufficiently alleges he was discharged (element one) and alleges it was in retaliation for his activity (element two), but Plaintiff fails to meet the third element—that he was discharged in retaliation for the reporting of illegal conduct or a violation of public policy. Plaintiff relies on conclusory allegations that threats and harassment from the General Manager and HR Manager to "keep quiet"

4

were "illegal," [23] ¶ 15, but fails to allege how this conduct is illegal. *See Robertson v. Department of Health Services*, 949 F.3d 371, 382 (7th Cir. 2020) (holding that "snubbing by supervisors," "unfair reprimands," and being told to "keep quiet" is not actionable conduct). Later in the complaint, Plaintiff alleges he was prevented from "reporting the illegal activity" that he was "enduring while working for Defendant." [23] ¶ 20. But again, Plaintiff never specifies what purported activity he is referring to, and how it was illegal. Plaintiff instead relies upon a conclusory allegation that he was whistleblowing. Thus, Plaintiff fails to state a claim for retaliatory discharge, and the Court dismisses Count II.

### C. Illinois Whistleblower Act

Though Plaintiff does not specify which section of the IWA he alleges Defendant violated, the Court reads Count III (titled "Retaliation") as a Section 15(b) IWA claim, which address retaliatory adverse employment actions. To state a claim under Section 15(b) of the IWA, an employee must show: (1) an adverse employment action by his or her employer; (2) which was in retaliation; (3) for the employee's disclosure to a government or law enforcement agency; (4) of a suspected violation of an Illinois or federal law, rule, or regulation." *Cwik v. Manteno Community Fire Protection District*, No. 3-23-0036, 2024 WL 394614, at *5 (Ill. App. Ct. 2024).

Again, even though Plaintiff alleges he was fired (element one) in retaliation (element two) for his actions, Plaintiff fails to meet the third and fourth elements of an IWA claim. First, Plaintiff never alleges he attempted to report anything to a government or law enforcement agency. Instead, he only alleges that he attempted

5

to report the General Manager and HR Manager's behavior to Defendant's Area President. [23] ¶ 17. Additionally, even though Plaintiff complains the General Manager and HR Manager's threats and harassment were "illegal," *id.* ¶ 15, Plaintiff "failed to identify a state or federal law, rule or regulation he suspected" Defendant violated. *Cwik*, 2024 WL 394614, at *5. As a result, his allegations are "insufficient to state a claim under the" IWA. The Court dismisses Count III.

## IV.  Conclusion

Because Plaintiff has failed to allege facts to support his claims, this Court grants Defendant's motion to dismiss [24].

If, consistent with his obligations under Rule 11, Plaintiff can amend any of his claims to cure the deficiencies noted above, then the Court grants Plaintiff leave to file a second amended complaint within 21 days of the entry of this order. If Plaintiff declines to amend by that date, the Court will dismiss the case.

Date: April 24, 2026                                   Entered:

_____
John Robert Blakey
United States District Judge

6